IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT G. SMITH

        Plaintiff,                     No. CIV S-11-1600 EFB (TEMP) P

    vs.

CALIFORNIA MEN'S COLONY,
et al.,

        Defendants.          ORDER

                                  /

Plaintiff is a prisoner confined in California Men's Colony, East. In the action he seeks to commence, he is without counsel. It appears that he intends to seek relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On June 13, 2011, he filed an affidavit regarding his treatment by prison staff.[1] Plaintiff has not paid the filing fee or sought leave to proceed *in forma pauperis*, nor has he filed a verified complaint.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

---

[1] Plaintiff makes statements in his affidavit that evince a possibly urgent situation in which he threatens to do himself harm. Prior to issuing this order, the court alerted plaintiffs' class counsel in *Coleman v. Schwarzenegger*, Civil Action No. 2:90-cv-0520 LKK JFM P, of plaintiff's statements in his affidavit, for the purpose of obtaining immediate mental health assistance for plaintiff, if possible.

1

defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, none of the defendants resides in this district. The claim arose in San Luis Obispo County, which is in the Central District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: June 28, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE